# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vienghkone Sikeo, | No. CV-25-03191-PHX-SHD (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

The Court has reviewed the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief and Motion for Temporary Restraining Order.[1] (Docs. 1, 4.) The Court grants a temporary restraining order without notice.

Petitioner names Immigrations and Customs Enforcement Field Office Director John Cantu; Department of Homeland Security Secretary Kristi Noem; United States Attorney General Pam Bondi; and Florence Detention Center Warden as Respondents. (Doc. 1.)

Petitioner was born in a refugee camp in Thailand to parents from Laos. He alleges he is stateless and has never had citizenship in any country. He came to the United States as a child, was granted lawful permanent resident status, and was ultimately ordered removed in 2005 following a California conviction. He was released from ICE custody in 2005 and has lived and worked in the United States since that time. He was detained in

---

[1] The Court notes Petitioner filed a combined Petition and Complaint (Doc. 1) but will refer to the pleading as a Petition for clarity.

July 2025 and asserts his removal is imminent although he has not received notice of the country to which he will be removed. For that reason, he challenges his redetention as violative of his procedural and substantive due process rights, and his removal without notice and an opportunity to present a fear-based claim as violative of his due process rights.

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). [2]

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).[3]

In his Petition, Petitioner seeks an order enjoining his removal until he receives notice and an opportunity to present a claim for relief from removal.

In the interests of justice, the Court finds it necessary to issue a temporary stay of

---

[2] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

[3] Petitioner attaches an affidavit from counsel indicating he made a request to Respondents to comply with their statutory obligations, but no response was received.

removal as the evidence creates a serious question whether Petitioner is eligible for removal given the lack of statutorily required notice and an opportunity to respond before being removed to a third country. Because removal would deprive Petitioner of his right to that process, he has alleged that it is probable that he would suffer irreparable harm absent a stay. He has also shown that he has a substantial case on the merits, without prejudice to Respondents demonstrating the contrary. Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and Motion for Preliminary Injunction and will facilitate a considered review of the parties' arguments by the Court.

Accordingly,

**IT IS THEREFORE ORDERED** Petitioner's Motion for a Temporary Restraining Order without notice is **granted**. Respondents are enjoined from removing Petitioner Vienghkone Sikeo from the United States pending further order of this Court. Petitioner's request for a Preliminary Injunction remains pending.

**IT IS FURTHER ORDERED** the Clerk of Court must immediately transmit by email a copy of this Order and a copy of Petitioner's Petition and Motion (Docs. 1, 4) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

**IT IS FURTHER ORDERED** if not already issued, the Clerk's Office must issue any properly completed summonses.

**IT IS FURTHER ORDERED** Counsel for Petitioner must immediately serve the Petition and Motion upon Counsel for Respondents.

**IT IS FURTHER ORDERED** Counsel for Respondents must file a response to the Motion for Preliminary Injunction no later than Thursday September 4, 2025. Petitioner may file a Reply no later than Friday September 5, 2025.

**IT IS FURTHER ORDERED** Counsel for Respondents must file a Notice of Compliance no later than 10:00 a.m. on Wednesday September 3, 2025 reflecting Petitioner

1   was not removed from the United States.

2         Dated this 2nd day of September, 2025.

Honorable Sharad H. Desai
United States District Judge