**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vienghkone Sikeo, | No. CV-25-03191-PHX-SHD (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

In this § 2241 action, Petitioner alleged he was about to be removed to a third country (Laos) but did not receive notice and an opportunity to challenge his removal to that country. (Docs. 1, 4.) In addition to challenging his removal to Laos, Petitioner also challenged his redetention. Specifically, Petitioner alleged he was released from immigration detention in 2005 on an Order of Supervision (OSUP) and, as a result, was entitled to a hearing before a neutral adjudicator prior to his redetention. On September 2, 2025, the Court entered a Temporary Restraining Order enjoining Petitioner's removal from the United States pending further briefing. (Doc. 6.) Thereafter, the Court directed Respondents to submit supplemental information about Petitioner's removal order and his OSUP to facilitate the resolution of Petitioner's claims. (Docs. 13, 18.)

The Court has reviewed the supplemental documentation submitted by Respondents and Petitioner's response thereto. The motion for injunctive relief is fully briefed, and the Court notifies the parties of its intent to consolidate the request for preliminary injunction with the merits in this action pursuant to Rule 65(a)(2) of the Federal Rules of Civil

Procedure. Based on the information supplemented by Respondents, the Court will grant the Petition as to Ground One, dissolve the Temporary Restraining Order, and dismiss the remaining portions of the Petition.

## I.   Removal

In his September 19, 2025 reply to Respondents' supplemental filing, Petitioner notified the Court that Petitioner has been granted a stay of removal based on his pending motion to reopen his immigration proceedings. (Doc. 20 at 2.) Petitioner's challenge to his removal is therefore moot and the Court will dissolve the Temporary Restraining Order.[1]

## II.   Detention

As for Petitioner's challenge to detention, Respondents maintain Petitioner's OSUP was lawfully revoked under 8 C.F.R. § 241.4(l)(2)(iii) and that authority for that revocation has been delegated to the Assistant Field Office Director. (Doc. 19 at 2.) But § 241.4(l)(2) names only the Executive Associate Commissioner as empowered to revoke an individuals' OSUP. And although Respondents provide a delegation of authority for revocation of OSUP (Doc. 19, Ex. 1-C), the Court in *Ceesay v. Kurzdorfer*, determined

---

[1] In the alternative, the Court lacks jurisdiction over Petitioner's challenge to his removal to Laos. A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). Review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9), or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).
Here, Petitioner fails to state a claim for habeas corpus relief under § 2241 to prevent his removal, and his challenge is barred from review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). And even if it is sometimes possible, notwithstanding those jurisdiction-stripping statutes, to raise "purely legal arguments in challenging [a] removal," *Ibarra-Perez v. Holder*, __ F.4th __, 2025 WL 2461663, *7 (9th Cir. 2025), Petitioner does not articulate a colorable argument as to why a due process violation occurred in the course of executing his removal order, given that the supplemental information reflects Petitioner's removal order listed Laos as the country of removal. (Doc. 14-1 at 19.) As a result, Laos is not a third country of removal and the Court lacks jurisdiction over Petitioner's claim challenging his removal to Laos.

"there is no caselaw supporting the validity of such a delegation order." No. 25-CV-267-LJV, 2025 WL 1284720, at *17 (W.D.N.Y. May 2, 2025). On top of that, the justification for Petitioner's redetention was the execution of his removal order. But Petitioner has been granted a stay of removal while his motion to reopen remains pending because his underlying conviction is no longer a legal basis for removal. As a result, the justification for his detention no longer exists. For these reasons, the Court determines Petitioner's redetention is inconsistent with 8 C.F.R. § 241.4(l)(2)(iii) and will grant the Petition as to Ground One and order his immediate release from immigration detention.

**IT IS THEREFORE ORDERED dissolving** the Temporary Restraining Order entered on September 2, 2025 and extended on September 15, 2025.

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Ground One. Petitioner must be released from immigration custody immediately under the same conditions that existed before his redetention.

**IT IS FURTHER ORDERED** the Petition is denied as to Grounds Two and Three.

**IT IS FURTHER ORDERED** all remaining motions are **denied as moot**.

**IT IS FURTHER ORDERED** the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 24th day of September, 2025.

Honorable Sharad H. Desai
United States District Judge