IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vienghkone Sikeo, | No. CV-25-03191-PHX-SHD (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

The Court has reviewed the response and reply to Petitioner's Motion to Enforce the Court's September 24, 2025 Order. (Docs. 23, 26-27.) In his motion to enforce, Petitioner alleged he was detained on November 7, 2025 at an ICE check-in in Fresno, California in violation of the Court's judgment in this matter. The Court ordered an emergency response to the motion.

Respondents first maintain the Court lacks jurisdiction to address Petitioner's redetention because the Warden of the immigration detention facility where Petitioner is currently held is not named as a Respondent. Respondents are incorrect. The Court retains jurisdiction because Petitioner was in custody in this district when the petition was filed. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing that a court acquires jurisdiction over a habeas action if the petitioner "properly name[s] [his]

1  immediate custodian and file[s] in the district of confinement"). On top of that, in
2  addition to Petitioner's implicit challenge to his November 7 redetention, it is a separate
3  question whether Respondents are in contempt of the Court's September 24 Order. There
4  can be no question the Court retains jurisdiction to address that discrete issue.

   As to the circumstances surrounding Petitioner's redetention, Respondents allege Petitioner's motions to reopen and for a stay filed in immigration court were denied, thereby removing any impediment to effectuating Petitioner's removal. (Doc. 26, Exs. B-C.) As a result, Respondents redetained Petitioner. (Doc. 26 at 2.)

   Petitioner replies that his November 7 redetention suffers from the same flaw as did his previous redetention—that the individual who revoked Petitioner's order of supervision lacked the authority to do so in violation of 8 C.F.R. § 241.4(l)(2)(iii). Petitioner also alleges that Respondents have not been consistent in their reasons underlying his redetention. Petitioner states he was told his "lawyer had filed an application, and the judge will not look at it until November 13, 2025." (Doc. 27 at 6.) In contrast, the Notification of Release submitted by Respondents states that "On September 24, 2025, you were released on Order of Supervision pending removal. As of November 7, 2025, you have no petition or application pending that can prevent your re-detention. You will be held in ICE ERO custody, as there is a significant likelihood of removal in the reasonable future." (Doc. 26, Ex. D.) Finally, Petitioner maintains there is no change in circumstances that would justify redetention because the travel document obtained for Petitioner's removal has expired. (Doc. 26, Ex. A-1.)

   To address these factual disputes, Respondents will be required to file a supplemental response delineating the precise regulatory provision under which Petitioner was redetained, supported by documentary evidence and a declaration under penalty of perjury and based on personal knowledge.

26  ///
27  ///
28  ///

1    **IT IS THEREFORE ORDERED** Respondents must file a supplemental response
2 to Petitioner's Motion to Enforce (Doc. 23) no later than **Thursday, November 13, 2025**.
3 Petitioner may file a supplemental reply no later than **Monday, November 17, 2025**.
4    Dated this 10th day of November, 2025.

_____
Honorable Sharad H. Desai
United States District Judge