IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vienghkone Sikeo,<br><br>            Petitioner,<br><br>v.<br><br>John E Cantu, et al.,<br><br>            Respondents. | No. CV-25-03191-PHX-SHD (CDB)<br><br>**ORDER** |

The Court granted Petitioner's § 2241 Petition on September 24, 2025 and ordered his immediate release from custody "under the same conditions that existed before his redetention." (Doc. 21 at 3.)  Petitioner was released that same day. (Doc. 23 at 3.)  On November 7, 2025, Petitioner filed an Emergency Motion to Enforce Writ of Habeas Corpus. (Doc. 23.)  Petitioner averred that on November 7, 2025, he appeared for an Immigrations and Customs Enforcement ("ICE") check-in appointment and was detained by Fresno ICE officers in violation of the Court's Order. (Doc. 23 at 2.)  The Court ordered an emergency response to the Motion to Enforce.[1] (Doc. 24.)

In their response, Respondents indicate Petitioner was released in compliance with the Court's order but remained subject to a valid and executable order of removal. Further, because the immigration court denied Petitioner's motion to reopen proceedings, no remaining impediment to removal existed. According to Respondents, "[n]othing about this Court's prior order insulated Petitioner from ever being detained or ever being

---

[1] The Court also set a hearing on Petitioner's motion for Saturday, November 8, 2025, which was later vacated. (Docs. 25, 29.)

1 | removed." (Doc. 26 at 2.) Respondents also submit their notice of revocation of
2 | Petitioner's OSUP.

3 | In his reply, Petitioner disputes the status of his motion to reopen before the immigration court and Respondents' ability to execute his removal order. (Doc. 27.) Petitioner maintains his motion to reopen is pending before the immigration court and the prior denial was an administrative error. Petitioner contends he does not have a current travel document that would enable him to be removed to Laos at this time. Further, Petitioner also points to a stay of removal issued by the Eastern District of California in a separate habeas proceeding. Therefore, Petitioner argues there is no justification for Petitioner's redetention, rendering it in violation of the Court's September 24 Order. (*Id.*)

Petitioner further disputes that Respondents properly revoked his OSUP on November 7 because, as with his earlier redetention, it was not revoked by the appropriate official. Finally, Petitioner disputes Respondents' stated basis for his redetention. Petitioner avers the officers who redetained him told said his "lawyer had filed an application, and the judge will not look at it until November 13, 2025." (Doc. 27 at 6.) And in contrast, the Notification of Release submitted by Respondents states that "On September 24, 2025, you were released on Order of Supervision pending removal. As of November 7, 2025, you have no petition or application pending that can prevent your re-detention. You will be held in ICE ERO custody, as there is a significant likelihood of removal in the reasonable future." (Doc. 26, Ex. D.)

Because of the potential discrepancies surrounding the basis of Petitioner's redetention and its justification, Respondents were further required to submit "a supplemental response delineating the precise regulatory provision under which Petitioner was redetained, supported by documentary evidence and a declaration under penalty of perjury and based on personal knowledge." (Doc. 30.)

Respondents filed the required supplement and indicated Petitioner was again released from ICE custody on November 12, 2025. (Doc. 31.) Respondents further explained it "is not clear whether Petitioner's release on an order of supervised release

("OSUP") in October 2005 was pursuant to 8 C.F.R. § 241.13 or 8 C.F.R. § 241.4" but maintain they complied with both regulations' requirements. (*Id.*) Petitioner requests that Respondents "be enjoined from further detaining [Petitioner] absent permission from the Court." (Doc. 32.)

Respondents are correct that nothing in the Court's September 24, 2025 Order precluded Petitioner's redetention in the future. Rather, the Court's Order directed Petitioner's release as a remedy for his prior redetention that did not comply with the applicable regulations. And because of the confusion surrounding the status of Petitioner's motion to reopen in the immigration court, the Court cannot conclude that Respondents had no basis to believe there was no impediment to Petitioner's removal at that time. Finally, while Respondents cannot state with clarity the precise provision under which Petitioner's OSUP was again revoked, it appeared they did provide the notice and informal interview required by 8 C.F.R. § 241.13.

At bottom, the September 24 Order did not prophylactically incorporate the applicable regulations in its Order. The reason for that is because it is Respondents' continual obligation to comply with the law in discharging their duties. The Court therefore concludes Respondents' actions—while concerning—did not squarely violate the September 24 Order. If Respondents take further unlawful action in Petitioner's removal, he must file a separate action challenging that alleged unlawful conduct. The Motion to Enforce must be denied.

**IT IS THEREFORE ORDERED** Petitioner's Motion to Enforce (Doc. 23) is **denied**.

Dated this 24th day of November, 2025.

Honorable Sharad H. Desai
United States District Judge